IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PRYSM GROUP, LLC,**<br><br>       Plaintiff,<br><br>v.<br><br>**TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA; and ARESTY INSTITUTE OF EXECUTIVE EDUCATION AT THE WHARTON SCHOOL,**<br><br>       Defendants. | No.: 2-23-cv-00995 |

## DEFENDANTS' STATUS REPORT

Defendants Trustees of the University of Pennsylvania and Aresty Institute of Executive Education at the Wharton School (collectively, "Wharton"), by and through undersigned counsel, hereby submit this Status Report:

1. On September 26, 2024, the Court entered an Order directing the parties to submit a Joint Status Report, advising whether "a settlement conference before a magistrate judge, mediation under Local Civil Rule 53.3, or some other form of alternative dispute resolution might be of assistance in resolving the case[.]" ECF Doc. 41, pg. 3.

2. The parties agreed to private and confidential mediation before the Hon. Diane M. Welsh (Ret.) with JAMS. Mediation sessions occurred in January and February 2025 but did not produce a settlement.

3. On February 20, 2025, the Court entered an Order directing the parties to submit a Joint Status Report on or before March 6, 2025. ECF Doc. 46. The parties have conferred, exchanged drafts of a joint status report, but have not been able to agree on a joint submission.

Therefore, Wharton hereby submits its own status report and expects that plaintiff will separately file its own report.

## Defendants' Position

### A. Deadline for Filing Summary Judgment Motions

4. The original deadline established by the Court for completing fact discovery was November 20, 2023. ECF Doc. 18. The original deadline for the filing of dispositive motions was January 12, 2024. *Id*.

5. The parties were unable to complete fact discovery by the November 20, 2023 deadline, however. On November 27, 2023, the parties identified seven individuals whose depositions had not yet been taken and jointly agreed to complete those depositions after the original deadline for fact discovery. ECF Doc. 27. Most, but not all, of those depositions were completed in late 2023 and early 2024, with the most recent deposition occurring on April 12, 2024.

6. Because fact discovery had not been completed before the original deadline of January 12, 2024 for filing dispositive motions, and because the parties were still taking depositions in April 2024 and still have not completed all of them, Wharton has reasonably understood and believed in good faith that a new deadline would be set for the filing of summary judgment motions and that it would have the opportunity to file its motion after the conclusion of discovery. Wharton respectfully requests that the Court set a new deadline for the filing of motions for summary judgment after completion of the remaining discovery as set forth below.

### B. Expert Discovery

7. With regard to expert discovery, there was no specific deadline established by the Court when it set the fact discovery and dispositive motion deadlines. *See* ECF Doc. 18.

However, when the parties reached a stipulation to conduct discovery beyond the original November 20, 2023 deadline, they also agreed to exchange expert reports within "60 days after a decision on all dispositive motions, or March 12, 2024, **whichever is later**." (emphasis supplied).  Plaintiff served its expert report on defendant on April 12, 2024.  The plaintiffs' expert report provides opinions on damages that Wharton contends are not recoverable based on the specific provisions of the contracts at issue in this litigation.  Because Wharton intends to file a motion for summary judgment that precludes, as a matter of law, plaintiffs from recovering the types of damages[1] identified in the plaintiffs' expert report, Wharton has not yet identified an expert witness, instead relying on the stipulation with plaintiffs that the deadline for submitting its expert report is 60 days <u>after</u> this Court rules on Wharton's motion for summary judgment.  Should the Court deny Wharton's motion for summary judgment, Wharton intends to submit its expert report within 60 days of the Court's ruling, unless the Court imposes an earlier deadline.

### C. Completion of Fact Discovery

8. With regard to remaining fact discovery, Wharton intends to take the deposition of Ernesto de la Fe, a former employee of plaintiff, who was the subject of an unsuccessful motion to quash filed by the plaintiffs ion July 11, 2024, and plaintiffs have not yet taken the deposition of Wharton employee Eric Hamberger.  Wharton also intends to serve written discovery requests on plaintiff to determine what happened to the more than $8 million in tuition payments plaintiff received, and whether it has a basis to pierce the corporate veil and assert counterclaims against the individual owners of the Prysm Group for draining Prysm of its cash to avoid payment of a

---

[1]  Plaintiffs' expert report contends that Wharton owes plaintiff more than $36 million in lost profits.  Wharton's position is that plaintiff is foreclosed as a matter of law from recovering lost profits in this action based on the clear language in the contract and applicable law.

3

judgment should Wharton prevail on its counterclaims in this litigation.[2] Wharton also intends to serve a Rule 30(b)(6) deposition notice on Prysm Group for the purpose of determining how it disposed of the more than $8 million in tuition payments it received that should have been split with Wharton under the terms of the contract it had with Prysm.

### D. Request for Status Conference

9.  Wharton respectfully requests a status conference with the Court in which it will have the opportunity to provide the Court with more information in support of its proposed schedule to complete discovery and schedule the trial of this matter.

Dated: March 6, 2025

Respectfully submitted,

**MORGAN, LEWIS, AND BOCKIUS, LLP**

*/s/ John J. Pease III*
Michael L. Banks (PA Atty. ID No. 35052)
John J. Pease III (PA Atty. ID No. 66151)

**SIRLIN, LESSER & BENSON, P.C.**

*/s/ Patrick J. Troy*
Patrick J. Troy, Esq.

*Attorneys for Trustees of the University of Pennsylvania, and Aresty Institute of Executive Education at the Wharton School*

---

[2] Wharton believes that plaintiff may have no remaining assets and no ability to pay a judgment in this case should one be entered against it by the Court. This raises significant questions about how the plaintiff disposed of more than $8 million in tuition payments, of which it was obliged to pay a 40% share to Wharton under its contract.

## CERTIFICATE OF SERVICE

I hereby certify that Defendant's Status Report was served on the following counsel of record by filing it electronically through the Court's PACER electronic filing system:

>Gavin P. Lentz, Esq.
>Ryan T. Kirk, Esq.
>BOCHETTO & LENTZ. P.C.
>
>Attorneys for Plaintiff

Dated: March 6, 2025                    */s John J. Pease III*
                                                                               John J. Pease III
                                                                               Morgan, Lewis & Bockius LLP
                                                                               Attorneys for Defendants