IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PRYSM GROUP, LLC,** <br><br> Plaintiff, <br><br> v. <br><br> **TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA; and ARESTY INSTITUTE OF EXECUTIVE EDUCATION AT THE WHARTON SCHOOL,** <br><br> Defendants. | No.: 2-23-cv-00995 <br><br><br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF'S STATUS REPORT**

Plaintiff Prysm Group, LLC ("Plaintiff"), by and through undersigned counsel, hereby submits the present Status Report:[1]

1. On September 26, 2024, the Court entered an Order directing the parties to submit a Joint Status Report, advising whether "a settlement conference before a magistrate judge, mediation under Local Civil Rule 53.3, or some other form of alternative dispute resolution might be of assistance in resolving the case[.]" ECF Doc. 41, pg. 3.

2. The parties agreed to a private and **confidential** mediation before the Hon. Diane M. Welsh (Ret.) with JAMS. Mediation sessions occurred in January and February 2025 but did not produce a settlement.

---

[1] Plaintiff attempted to negotiate a joint status report with new counsel for Defendants, just as the Parties have previously submitted joint reports with Defendants' original counsel. *See* ECF Doc. 43. However, new counsel for Defendants insisted on referencing information and understandings that they admit came from the Parties' **confidential** mediation process. Plaintiff does not waive any of the protections from the parties' confidential mediation agreement, and intends to continue abiding by its confidentiality obligations.

1

**Plaintiff's Position**

3.  This case is trial ready. The fact discovery deadline was November 20, 2023. ECF Doc. 18, ¶ 2. The Parties produced approximately 90,000 pages of documents during this period. And, while the parties agreed to conduct the depositions of seven specific witnesses outside the discovery period, they expressly stipulated that "the parties desire that **document discovery should close as planned** on [November 20, 2023.]" ECF Doc. 27, ¶ 2 (emphasis added).

4.  Of these seven witnesses, all but one ("Mr. Hamberger") has now been deposed. Plaintiff no longer views Mr. Hamberger as a necessary deposition, and is ready to try the case without deposing him.

5.  Defendants also attempted to serve a former employee ("Mr. de la Fe") with a subpoena several months after discovery closed. The Court declined to enforce or quash this subpoena on procedural grounds relating to venue, but noted that "**Defendants have not shown that it is proportional to the needs of the case for them to seek to reopen discovery more than seven months after the deadline**, especially considering the parties' stipulation as to the depositions to be completed, in addition to the burden on Mr. de la Fe, who has not been in Plaintiff's employ for two years." ECF Doc. 41, n. 5 (emphasis added). The Court nevertheless allowed the parties to engage in motion practice over this subpoena in the Southern District of Florida, if Defendants declined to withdraw this subpoena. As it stands, neither party has moved to quash or enforce this subpoena since the Court's September 26, 2024 Order.

6.  The Parties originally agreed to "exchange expert reports 60 days after a decision on all dispositive motions, or March 12, 2024, whichever is later." *See* ECF Doc. 27, ¶ 10. After the dispositive deadline came and went without either party filing such a motion, the Parties then

stipulated to exchange export reports on April 12, 2024. *See* ECF Doc. 32, ¶ 2. Plaintiff timely met this deadline and produced an expert report. Defendant did not.

7.      Finally, the dispositive motion deadline was January 12, 2024. ECF Doc. 27, ¶ 3. The parties have never stipulated to modify this deadline, nor has either moved the Court for an extension of this long since expired deadline. Until recently, the Parties have never even had *discussions* about extending this deadline, let alone Plaintiff consenting to such an extension.

8.      Plaintiff stands ready to provide the Court with any further documents or information that it needs.

                                                **BOCHETTO & LENTZ. P.C.**

Dated:  March 6, 2025                             */s/ Ryan T. Kirk*
                                          By:_____
                                              Gavin P. Lentz, Esq.
                                              Ryan T. Kirk, Esq.
                                              *Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PRYSM GROUP, LLC,**<br><br>  Plaintiff,<br><br>v.<br><br>**TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA; and ARESTY INSTITUTE OF EXECUTIVE EDUCATION AT THE WHARTON SCHOOL,**<br><br>  Defendants. | No.: 2-23-cv-00995<br><br><br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

**CERTIFICATE OF SERVICE**

I, Ryan T. Kirk, Esquire, hereby certify that a true and correct copy of the foregoing Plaintiff's Status Report was filed electronically through this Court's ECF System and is available for viewing and downloading from this Court's ECF System. I further certify that an electronic copy of the foregoing was served upon the following counsel of record.

Michael L. Banks, Esquire
John J. Pease III, Esquire
Morgan, Lewis, and Bokius, LLP
2222 Market Street
Philadelphia, PA 19103
mbanks@morganlewis.com
john.pease@morganlewis.com

Patrick J. Troy, Esquire
Sirlin, Lesser & Benson, P.C.
123 S. Broad St. Suite 2100
Philadelphia, PA 19109
ptroy@sirlinlaw.com

Jeffrey P. Resnick, Esquire
Sherman Silverstein
11 Bala Avenue
Bala Cynwyd, PA 19004
jresnick@shermansilverstein.com

**BOCHETTO & LENTZ, P.C.**

Date: March 6, 2025

By: */s/ Ryan T. Kirk*
_____
Gavin P. Lentz, Esquire
Ryan T. Kirk, Esquire
*Attorneys for Plaintiff*